**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4943**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JOSE LUIS MORALES-ESPINO, a/k/a Luisito,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:13-cr-00046-BO-2)

Submitted: July 11, 2014          Decided: July 31, 2014

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cindy H. Popkin-Bradley, CINDY H. POPKIN-BRADLEY, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Morales-Espino pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). Morales-Espino was initially appointed counsel, but subsequently retained counsel, Ms. Stewart, who represented him throughout the district court proceedings. Approximately ten days before his scheduled sentencing hearing, Morales-Espino signed a letter to the district court in which he stated his intent to dismiss Ms. Stewart from further representation, and requested that the district court appoint counsel because he did not have the financial ability to retain new counsel. At sentencing, the district court inquired whether Morales-Espino desired to pursue his request for new counsel. After consulting Morales-Espino, Ms. Stewart informed the court that he desired to withdraw the request. The district court then engaged in a colloquy in which Morales-Espino expressed that he had resolved his complaints against Ms. Stewart and desired to have her continue her representation. The district court subsequently sentenced Morales-Espino to 108 months of imprisonment.

On appeal, Morales-Espino, represented by new counsel, argues that the district court abused its discretion in failing to more thoroughly inquire into his dissatisfaction with Ms.

2

Stewart, as articulated in his letter to the court. "When a defendant raises a seemingly substantial complaint about counsel, the judge has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction." United States v. Mullen, 32 F.3d 891, 896 (4th Cir. 1994) (internal quotation marks and citations omitted).

Because Morales-Espino did not raise this assertion of error in the district court, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, Morales-Espino must show: "(1) there is an error, (2) the error is plain, . . . (3) the error affects substantial rights . . . [and] (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (internal quotation marks and alterations omitted).

Our review of the record leads us to conclude that the district court did not err in failing to inquire into the specific allegations in Morales-Espino's letter to the court. At sentencing, the court correctly initially inquired whether Morales-Espino's request for new counsel remained active. After consulting with Morales-Espino, counsel withdrew the request, and the district court engaged in a thorough colloquy with Morales-Espino to ensure that he no longer wished to have

3

substitute counsel appointed and wished to continue with Ms. Stewart representing him. In light of Morales-Espino's clear affirmative answers to that colloquy, the district court was not required to inquire further. Thus, there is no error, plain or otherwise.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED